UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANTHONY GRUFF, | : | CIVIL ACTION NO. 3:CV-05-1009 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondent | : | |

## **ORDER**

### **Background**

        Petitioner, an inmate confined in the Fayette State Correctional Institution, LaBelle, Pennsylvania, originally filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Western District of Pennsylvania.  Because Petitioner was convicted in the Perry County Court of Common Pleas, which is located within the Middle District of Pennsylvania, by Order dated May 16, 2005, the case was transferred from the Western District to the Middle District of Pennsylvania, where it was received and filed on May 18, 2005.   The required filing fee has been paid.  The petition will

now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner states that as of September, 2004, he is a "Pa. State Dept. Recognized Secured Party" and is "considered a sovereign individual." (Doc. 1, petition at p. 5). In support of this, Petition submits a copy of a financing statement issued by the Pennsylvania Department of State Corporation Bureau. (Doc. 1, attachment). He also claims that as of December 15, 2004, his "name has been copyrighted" and is "being illegally used for monetary gain by the Commonwealth of Pennsylvania, Pa. Dept. of corrections." (Doc. 1 at p. 5). In support of this, Petitioner submits a copyright notice, in which he believes "has damages spelled out in the notice," which if found to be "retro-active to [his] 18th birthday...damages are in the hundreds of millions." (Doc. 1at p. 5 and attachment). Petitioner claims that as of March 17, 2005, he has "been infringed upon for 1577 days at $500,000.00 a day." Id. In addition, he claims to have "over 30 passes that have [his] name printed on them" and that he has "never given the Pa. Dept. of Corrections any authorization to use [his] name for any purpose and [his] name is copyrighted." Id. For the reasons set forth below, the petition will be dismissed.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a

3

prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973).   In the instant petition, Gruff is neither seeking speedier nor immediate release from custody.  He is also not challenging the legality of his present incarceration.  Rather, he seeks damages for alleged copyright infringement on his name.  Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be dismissed without prejudice to any right Gruff may have to reassert his present claims in a properly filed civil rights complaint.[1] See Wool v. York County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998)(McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.)(Nealon, J.)("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

---

[1] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Gruff may file based upon the facts asserted herein.

**NOW, THIS 27th   DAY OF MAY, 2005, IT IS HEREBY**

**ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice to any right Petitioner may have to reassert his instant claims in a properly filed civil rights action.

2. The Clerk of Court is directed to **CLOSE** this case.


                              s/ William J. Nealon
                              **United States District Judge**